IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERESA MILLER,

      Petitioner,

v.                           CIVIL ACTION NO. 1:22CV15
                             CRIMINAL ACTION NO. 1:19CR41
                             (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION
[1:19CR41, DKT. NO. 168; 1:22CV15, DKT. NO. 12]

On February 28, 2022, the petitioner, Teresa Miller ("Miller"), filed a motion pursuant to 28 U.S.C. § 2255 in which she sought to vacate, set aside, or correct her sentence (1:19CR41, Dkt. No. 156).[1] But, because Miller's § 2255 motion presents the same challenges to her conviction and sentence as her direct appeal, which is pending before the Court of Appeals for the Fourth Circuit, the Court previously found that Miller's § 2255 motion was filed prematurely (Dkt. No. 164). It also concluded that Miller had not presented any extraordinary circumstances compelling consideration of her motion during the pendency of her direct appeal. Id. Thus, the Court denied her § 2255 motion and dismissed without prejudice Civil Action Number 1:22CV15. Id.

---

[1] Unless otherwise noted, all docket references relate to 1:19CR41.

MILLER V. USA                                    1:22CV15/1:19CR41

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR RECONSIDERATION
### [1:19CR41, DKT. NO. 168; 1:22CV15, DKT. NO. 12]

Thereafter, on April 4, 2022, Miller filed a motion for reconsideration of the Court's Order denying her § 2255 motion (1:19CR41, Dkt. No. 168; 1:22CV15, Dkt. No. 12). For the reasons that follow, the Court **DENIES** her motion for reconsideration.

While 28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," absent extraordinary circumstances the Court should not consider a § 2255 motion while a direct appeal is pending. Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (citing Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight (28) days of its entry. The Fourth Circuit recognizes three grounds for Rule 59(e) relief: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

2

**MILLER V. USA**                                          **1:22CV15/1:19CR41**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION
### [1:19CR41, DKT. NO. 168; 1:22CV15, DKT. NO. 12]

Miller contends that, contrary to the Court's prior ruling, the grounds she raised in her § 2255 motion[2] constitute an extraordinary circumstance compelling consideration of her motion during the pendency of her direct appeal (Dkt. No. 168). She cites no intervening change in the law and no new evidence, however, merely restating her belief that her conviction and sentence violate the Constitution and laws of the United States of America. But there is no clear error of law or manifest injustice in requiring Miller to resolve her direct appeal before bringing the same issues to this Court on collateral review. And, as previously explained, Miller's asserted grounds for relief do not demonstrate extraordinary circumstances warranting excusal of exhaustion.

The Court therefore **DENIES** Miller's motion for reconsideration (1:19CR41, Dkt. No. 168; 1:22CV15, Dkt. No. 12).

It is so **ORDERED.**

---

[2] Miller raised the following grounds for relief: (1) it was error for the Court to deny her motion to transfer; (2) it was error for the Court not to suppress physical evidence resulting from Miller's arrest; (3) it was error for the law enforcement officers who effectuated Miller's arrest to turn off their body cameras; (4) it was error for the Court to impose an excessive sentence; and (5) her attorneys attempted to coerce her into entering a plea agreement (Dkt. Nos. 1, 6).

3

**MILLER V. USA**                                        **1:22CV15/1:19CR41**

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**
**[1:19CR41, DKT. NO. 168; 1:22CV15, DKT. NO. 12]**

The Court **DIRECTS** the Clerk to transmit a copy of this order to Miller by certified mail, return receipt requested, and to counsel of record by electronic means.

Dated:   April 5, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
